IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| TONYA HARDY | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 11-02793 |
| | ) | |
| | ) | |
| CAROLYN COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND

Tonya Hardy ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 22) , Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 24) and Plaintiff's Response thereto. (Pl's Resp., ECF No. 25). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Plaintiff's Motion for Remand is GRANTED.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

I.  Procedural History

Plaintiff filed her applications on June 18, 2009 alleging disability since March 20, 2008 on the basis of HIV positive, hepatitis C, Bipolar disorder, and seizures.  R. at 9, 129.   Her claims were denied initially and on reconsideration.  R. at 32, 33, 34-37, 41-44.  On January 6, 2010, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff testified.  R. at 15-31.  Plaintiff was represented by counsel.  In a decision April 20, 2010 the ALJ denied Plaintiff's request for benefits.  R. at 9-14.  The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review.  R. at 1-4.

II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. §§ 404.1520, 416.920.  At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date.  At step two, the ALJ determined that Claimant suffered from the following severe impairments: HIV positive, Hepatitis B, Gastroesophageal reflux disease ("GERD"), mood disorder and cocaine abuse.  At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that Plaintiff has no past relevant work.  At step five, the ALJ concluded that, given her residual functional capacity ("RFC"), Claimant was capable of performing jobs that existed in significant numbers in the national economy.  Accordingly, he concluded that Claimant was not disabled.  R. at 9-14.

III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

IV. Discussion

Plaintiff argues that the ALJ (1) failed to properly evaluate her mental impairments; and (2) erroneously relied on the Grids at step five of the sequential evaluation.

A. Mental Impairment

Plaintiff argues that the ALJ failed to follow the proper procedure in analyzing her mental impairments. In addition to the five-step analysis discussed above and outlined in 20 C.F.R. § 404.1520, the Commissioner has promulgated additional regulations governing

3

evaluations of the severity of mental impairments. 20 C.F.R. § 404.1520a. These regulations require application of a "special technique" ("psychiatric review technique") at the second and third steps of the five-step framework, *Schmidt v. Astrue,* 496 F.3d 833, 844 n. 4 (7th Cir.2007), and at each level of administrative review. 20 C.F.R. § 404.1520a(a). This technique requires the reviewing authority to determine first whether the claimant has a "medically determinable mental impairment." § 404.1520a(b)(1). If the claimant is found to have such an impairment, the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," § 404.1520a(b)(2), which specifies four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. § 404.1520a(c)(3). According to the regulations, if the degree of limitation in each of the first three areas is rated "mild" or better, and no episodes of decompensation are identified, then the reviewing authority generally will conclude that the claimant's mental impairment is not "severe" and will deny benefits. § 404.1520a(d)(1). If the claimant's mental impairment is severe, the reviewing authority will first compare the relevant medical findings and the functional limitation ratings to the criteria of listed mental disorders in order to determine whether the impairment meets or is equivalent in severity to any listed mental disorder. § 404.1520a(d)(2). If so, the claimant will be found to be disabled. If not, the reviewing authority will then assess the claimant's residual functional capacity. § 404.1520a(d)(3).

Here, the ALJ's findings regarding the four functional areas discussed above are not supported by substantial evidence. The ALJ found Plaintiff suffered from mild limitations in

the areas of activities of daily living and social functioning and moderate limitations in the area of concentration, persistence and pace. R. at 12. Yet, apart from a couple of isolated single "supporting" statements, there is no discussion specifically detailing the reasons for his findings. Here, the RFC was for "unskilled" work, which by itself does not provide any information about her mental condition or abilities. *See Craft v. Astrue,* 539 F.3d 668 (7th Cir. 2008); *Misener v. Astrue*, --- F.Supp.2d ----, 2013 WL 633287 (N.D. Ind., Feb. 20, 2013) ("the ALJ found that Misener suffers from 'moderate' limitations with respect to 'concentration, persistence and pace.' . . . .But those limitations never made their way into the RFC. The RFC limits Misener to 'unskilled work' involving only 'brief interactions with others' . . . , but the Social Security Administration has explained: '[b]ecause response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's [mental] condition may make performance of an unskilled job as difficult as an objectively more demanding job.'"). Furthermore, the Social Security Administration has stated that where the claimant has the ability to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting, then an RFC of "unskilled" work would be appropriate. *See* 20 C.F.R. § 404.1545(c); SSR 85–15. Here, the use of the term "unskilled" is unhelpful because we cannot discern whether the ALJ actually found Claimant to have those abilities.

Perhaps more significantly, while the ALJ found that Claimant suffered from moderate limitations in the areas of concentration, persistence and pace, he nonetheless found her capable

of a full range of unskilled work. The RFC here does not seem to reflect the limitations found by the ALJ or if they do, the ALJ did not adequately explain his reasoning to enable the Court to find the finding supported by substantial evidence. *Cf.*, *Glotfelty v. Astrue*, No. 1:10-cv-00250-PWG, 2012 WL 280562 at * (D. Md. Jan. 30, 2012) (moderate difficulties in concentration, persistence, and pace accounted for by simple (e.g. one to five step), routine and repetitive tasks, performed in a low stress environment (*i.e.*, free from fast paced production); *Seamon v. Astrue*, 364 Fed. Appx. 243 (7th Cir. 2010) ("the ALJ captured Claimant's moderate limitation in concentration, persistence, and pace when he included a restriction of "no high production goals"); *Arnold v. Barnhart,* 473 F.3d 816, 820 (7th Cir. 2007) (using low production standards for moderate limitation in concentration, persistence and pace); *Schmidt v. Astrue*, 496 F.3d 833, 844-45 (7th Cir. 2007) (using low production goals to account for problems with stress). In short, to find that the Claimant has moderate limitations with respect to concentration, persistence, and pace, but to fail to include those limitations in the RFC, without any explanation for doing so, is an error that warrants remand. The Court does note that while "a finding of moderate impairment in a particular broad functioning area does not automatically indicate that a claimant's condition will significantly impact his or her ability to perform work-related functions", *see Bowers v. Commissioner, Soc. Sec. Admin.*, Civil No. SAG–11–1445 2013 WL 150023 at * (D. Md. Jan. 11, 2013) *citing Bell v. Astrue*, 8:07-cv-00924-JKS, slip op. at *9 (D. Md. Mar. 12, 2008), that does not excuse the ALJ from detailing the reasons why such limitations are not reflected in the corresponding RFC. In *Bowers,* like Claimant here, the ALJ found the claimant to have moderate restrictions in to concentration,

6

persistence, and pace. There, the ALJ specifically found Claimant capable of understanding, carrying out and remembering simple instructions and limited her to not only unskilled work, but to simple work as well. No such specific finding or restriction to simple work was made here. *See also Mortazavi v. Astrue*, Civil No. JKS 09–637**,** 2010 WL 3385460 (D. Md. Aug. 26, 2010) (finding of moderate difficulties in concentration, persistence or pace resulted in a RFC limited to performing simple, routine unskilled tasks). In *Lucy v. Chater,* 113 F.3d 905, 909 (8th Cir.1997), the Eight Circuit explained the differences between unskilled and simple work:

> The Social Security's own list of unskilled sedentary jobs, however ..., indicates that many jobs within this range require more than the mental capacity to follow simple instructions. For each job described, the [DOT] specifies the type of reasoning capabilities the job requires.... For instance, a job rated reasoning level one requires the ability to understand and carry out simple instructions, whereas a job rated reasoning level two requires the ability to understand and carry out detailed instructions. Many of the jobs listed require level two reasoning or higher in the unskilled sedentary job category.

Accordingly, a limitation to unskilled work, as used by the DOT and the Commissioner's regulations, does not necessarily conflate with jobs that involve only simple one- to two-step instructions. These are two separate vocational considerations. "Defining particular jobs as "unskilled" speaks more to the issue of the level of vocational preparation necessary to perform the job rather than the issue of the job's simplicity "which appears to be more squarely addressed by the [reasoning level] ratings." *Hall–Grover v. Barnhart,* 2004 WL 1529283, at *4 (D. Me. Apr. 30, 2004). Finally, the Court notes that Claimant was seen for a consultative psychiatric examination on February 25, 2010. Ultimately, consultative examiner, Dr. Taller found Claimant's thought process to be goal-directed and coherent. R. at 443. Based on this, the ALJ found that Claimant could concentrate and respond in a goal oriented fashion as a basis

for his mental RFC finding. However, the Court does not find that finding alone supports his RFC that Claimant retains an unfettered ability to perform a full range of light, albeit unskilled, work.[2]

V. Conclusion

Based on the foregoing, Plaintiff's Alternative Motion for Remand is GRANTED.**3** A separate order shall issue. [4]


August 19, 2013                            _____/s/_____
                                                                             THOMAS M. DIGIROLAMO
                                                                             United States Magistrate Judge

---

[2] More broadly, the ALJ fails to discuss how Claimant's mood disorder, found to be a severe impairment at step two of the sequential evaluation, factors into his RFC finding, if at all. If the ALJ found that the mood disorder did not require more restrictive RFC findings than found, he must specifically state so.

[3] In light of the remand, the Court need not consider the other issues raised by Plaintiff.

[4] In addition, while the ALJ mentions in passing an October 9, 2008 psychiatric evaluation which included a bipolar diagnosis, he does not mention Claimant's GAF of 40 at the time. R. at 425. A GAF of 40 is defined as "**[s]ome impairment in reality testing or communication** (e.g., speech is at times illogical, obscure, or irrelevant) **OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood** (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school). Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders Text–Revision at 34 (4th ed. 2000) (DSM–IV–TR) (bold font in original).